IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vernon E. Johnson, | ) | C/A No. 0:17-180-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On April 11, 2018, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 22. On April 25, 2018, the Commissioner filed objections to the Report, ECF No. 23, and Plaintiff filed a reply on May 9, 2018, ECF No. 24. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for SSI on August 30, 2013, alleging that he has been disabled since August 27, 2011, due to panic attacks, depression, bipolar disorder, sciatica in his neck, arthritis in his back, degenerative disc disease, hepatitis C, and high blood pressure. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 30, 2015. The ALJ denied Plaintiff's claims in a decision issued September 21, 2015. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

Plaintiff filed this action for judicial review, raising five issues:

I.     The ALJ erred in his findings regarding Plaintiff's residual functional capacity;

II.    The ALJ failed to give proper weight to the opinions of Plaintiff's treating physician regarding the nature and severity of his impairments;

III.   The ALJ erred in finding that Plaintiff's Bi-Polar Disorder and subjective reports of memory and concentration problems were adequately accommodated by limiting him to unskilled work;

IV.   The ALJ erred in relying solely on the Medical-Vocational Rules (Grids) to direct a finding that Plaintiff is not disabled, as the record establishes that he suffers from nonexertional impairments and limitations;

V.    The ALJ erred in finding that Plaintiff is not disabled, as the Commissioner failed to carry her burden of proving that there are a significant number of jobs in the national economy that Plaintiff can perform.

The Magistrate Judge found that remand was warranted on Plaintiff's third and fourth issues, which she noted were intertwined. Specifically, the Magistrate Judge cited binding authority from the Fourth Circuit, finding "where a claimant suffers from both exertional and nonexertional limitations, the Grids may serve as guidelines but are not determinative." ECF No. 22 at 6 (citing *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). Thus, the Magistrate Judge noted that because the ALJ found that Plaintiff had a severe mental impairment that resulted in moderate difficulties in concentration, persistence, or pace and acknowledged that Plaintiff had mental limitations in determining Plaintiff's RFC, reliance on the Grids was not appropriate. Therefore, the Magistrate Judge recommended remanding this matter without addressing Plaintiff's remaining issues.

The Commissioner filed Objections, claiming that the Commissioner properly relied solely on the Grids in determining that Plaintiff was not disabled.

## DISCUSSION

The Commissioner may, at times, rely exclusively on the Grids when evaluating a claimant's disability. However, "when a claimant suffers from both exertional and nonexertional

limitations, the grid tables are not conclusive but may only serve as guidelines." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). While, not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids[,] . . . [t]he proper inquiry . . . is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Id.* at 49. Thus, when a claimant "demonstrates the presence of nonexertional impairments, the Secretary, in order to prevail, must be required to prove by expert vocational testimony that, despite [the claimant's] combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform." *Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983).

Here, the ALJ found that Plaintiff suffers from severe impairments of, *inter alia*, bipolar disorder and anxiety disorder. ECF No. 9-2 at 17. The ALJ further found that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace, ECF No. 9-2 at 18, and that Plaintiff "is limited to understanding, remembering, and carrying out simple instructions." ECF No. 9-2 at 19. The Commissioner contends that the ALJ "clearly explained why, despite Plaintiff's limitations to understanding, remembering, and carrying out simple instructions, such limitations had little or no effect on the occupational base." ECF No. 23 at 2 (internal citations omitted). The Court disagrees.

After reviewing the relevant case law from this District and Circuit, the Court holds that the testimony of a vocational expert ("VE") was necessary in light of Plaintiff's nonexertional impairments. *See, e.g.*, *Sherby v. Astrue*, 767 F. Supp. 2d 592 (D.S.C. 2010) ("In making this determination, the ALJ, in effect, became a vocational expert. Whether plaintiff's moderate impairment in the area of concentration, persistence and pace limited plaintiff to one and two step jobs and whether such eroded the occupational base and to what degree it was eroded was a

4

determination for a vocational expert." (quoting *Bonds v. Astrue*, No. 07-1135, 2008 WL 2952446, at *11 (D.S.C. July 29, 2008))). The Commissioner's reliance on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), is unavailing. The Commissioner contends that *Mascio* "instructs that a moderate limitation in concentration, persistence, or pace does not necessarily translate into a limitation in the RFC, so long as the ALJ articulates his reasoning, as he did here." ECF No. 23 at 4. While that may be true, the ALJ in this case specifically noted in the RFC that "the claimant is limited to understanding, remembering, and carrying out simple instructions." ECF No. 9-2 at 19. No VE testimony was presented at the hearing to address this nonexertional limitation, and that error of law requires a remand.

## CONCLUSION

For the reasons set forth above, the Court respectfully adopts the Report and remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

May 17, 2018
Spartanburg, South Carolina